This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 32,286**

**VALENTINO JARAMILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**John M. Paternoster, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's judgment and sentence convicting him for possession of heroin. Unpersuaded that Defendant demonstrated error in his docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. In response to our notice, Defendant has filed a memorandum in opposition and a motion to amend the docketing statement to add an issue. We have considered Defendant's response and remain unpersuaded that the district court erred, and we are unpersuaded to grant the motion to amend. We therefore affirm and deny the motion to amend.

On appeal, Defendant has raised the following four issues: (1) the evidence was insufficient to support his conviction for possession of heroin, (2) the lab results were wrongfully admitted into evidence because the State laid an improper foundation for chain of custody, (3) Defendant was denied a fair trial because one of the jurors was an employee of the correctional facility and so was one of the testifying witnesses, and (4) Defendant was denied a speedy trial. [DS 6-7; MIO 5-12] Defendant pursues all four issues under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 9-12]

**Sufficiency of the Evidence**

In response to our proposed analysis of Defendant's sufficiency challenge to his conviction for possession of heroin, Defendant argues that the evidence did not establish that he had knowledge of and control over the drugs. [MIO 6-9] Defendant argues that he was a mere visitor to the prison cell and that his presence there was insufficient. [Id.] Defendant's argument overlooks crucial circumstantial facts that we recounted in our notice that supported his conviction. [CN 7] Defendant does not dispute that those facts were presented to the jury. Based on that evidence, the jury was free to disregard Defendant's version of events. *See State v. Rojo*, 1999-NMSC-001 ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflicts in the testimony of the witnesses and to determine where the weight and credibility lay). Because Defendant has not disputed that the State presented the evidence upon which our notice relied, we hold that sufficient evidence was presented to support Defendant's conviction for the reasons stated in the notice.

**Chain of Custody**

In response to our notice, Defendant maintains that the district court erred by admitting the lab results because the State failed to establish a proper chain of custody.

[MIO 9-10] Defendant continues to complain that the officer seized two small pieces of heroin and the lab technician only received one piece. [Id.] Defendant also complains that the State did not present as a witnesses one of the officers in the chain of custody. [MIO 10] As we stated in our notice, where there are discrepancies—as we have in the present case—between the evidence seized and the evidence described by the lab technician, we have held that the discrepancy relates to the strength of the evidence, not the admissibility. *See State v. Rubio*, 2002-NMCA-007, ¶ 17, 131 N.M. 479, 39 P.3d 144 (holding that where the forensic scientist could not account for an approximate one gram discrepancy between the weight of the sample when seized and when weighed by the scientist, the discrepancy related to the strength of the evidence). We also emphasized that "[t]he [s]tate is not required to establish the chain of custody in sufficient detail to exclude all possibility of tampering." *Id.* ¶ 16. Without any new argument or information, we hold that Defendant has not established error in the admission of the lab results for the reasons stated in the notice.

**Fair Trial**

Defendant continues to argue that he was denied a fair trial when the district court permitted an employee of the correctional facility to sit on the jury where Defendant knew her, and Mr. Trujillo, another employee of the correctional facility, was a main witness for the State. Our notice proposed to hold that Defendant did not

timely raise this objection below and that he invited any error he claims occurred because Defendant wanted the prison employee on the jury, believing that he had a good rapport with her and that she would be a good juror. [CN 8] In response to our notice, Defendant contends that the district court should have struck the prison employee from the jury sua sponte. Defendant does not raise any new facts or arguments to persuade us. For the reasons stated in the notice, we hold that Defendant has not demonstrated that he was denied a fair trial.

**Speedy Trial**

Defendant maintains that he was denied a speedy trial. [MIO 11-12] As we observed in our notice, however, Defendant did not raise this matter until after trial and, therefore, did not provide the district court with such an opportunity to address his speedy trial claim. We also stated that as a result, Defendant did not sufficiently or timely protect his right to a speedy trial and without specifically invoking a ruling on the *Barker* factors, there is nothing for us to review on appeal. *See Rojo*, 1999-NMSC-001, ¶¶ 50-51. We also note that in his memorandum in opposition, Defendant concedes that the delay in this case was nearly ten months, which is not presumptively prejudicial. [MIO 12] *See State v. Garza*, 2009-NMSC-038, ¶¶ 15-22, 47, 146 N.M. 499, 212 P.3d 387. For these reasons and those stated in our notice, we are not persuaded that Defendant's right to a speedy trial was violated.

**Motion to Amend**

Defendant seeks to amend his docketing statement to add the issue of whether he received ineffective assistance of counsel. [MIO 12-14] Defendant's motion was filed under the demands of *Franklin*, 78 N.M. at 129, 428 P.2d at 984; and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6. [MIO 13]

In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient

6

performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.*

> When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

In the present case, Defendant lists several failures of his trial counsel that he believes constituted ineffective assistance of counsel. [MIO 13] Defendant does not demonstrate that all these actions were part of the record or that he was prejudiced by any of them. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (observing that prejudice is established where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (internal quotation marks and citation omitted)). We are not persuaded that Defendant's motion to amend complies with our requirements for granting it. Therefore, we deny the motion.

For the reasons stated above and stated in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**J. MILES HANISEE, Judge**